Richard A. CASH, Relator,

v.

COMMISSIONER OF ECONOMIC SECURITY, Respondent.

No. C5–84–715.

Court of Appeals of Minnesota.

Aug. 7, 1984.

Barbara A. Frey, Minneapolis, for relator.

Hubert H. Humphrey, III, Atty. Gen., Regina M. Chu, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Relator seeks review of the Commissioner of Economic Security's disqualification of relator from receipt of unemployment benefits for knowing and willful failure to disclose material facts under Minn.Stat. § 268.18, subd. 2 (Supp.1983).

## FACTS

Relator, a construction worker, has been employed sporadically for the past 10 years. Throughout this period, relator correctly filed claims for unemployment compensation benefits. Between February and October 1983, relator filed claims for benefits for six weeks in which he worked and earned income. He signed and filed statements with the department certifying that he did not work and that no wages were earned by him during those weeks.

Based upon an investigation, on January 11, 1984, the department issued a determination that relator was overpaid $776 in unemployment compensation benefits. The department also found that relator knowingly and willfully failed to disclose material facts which would have rendered him ineligible for benefits and, therefore, was guilty of fraud. Accordingly, the department found that relator was disqualified from receiving benefits for 15 weeks of unemployment.

Relator appealed the department's determination to a referee. At the hearing, relator admitted that he had been overpaid $776 in benefits during the weeks in question because of his failure to report his earnings properly. In defense of the fraud charge, relator testified that his failure to report his earnings was the result of poor bookkeeping and his understanding that he should report his income for the week when it was paid instead of the week it was earned. He said the misunderstanding was caused by comments of a department employee during an interview in February 1983. After considering the evidence, the referee affirmed the determination of the department. On appeal, the Commissioner's representative rejected relator's assertion that his failure to disclose his earnings was inadvertent and affirmed the decision of the referee.

## ISSUE

Whether the record supports the decision of the Commissioner of Economic Security that relator Richard A. Cash knowingly and willfully failed to disclose material facts in order to obtain unemployment compensation benefits to which he is not entitled.

## ANALYSIS

The Commissioner's findings will not be disturbed if there is evidence reasonably tending to sustain them, and the evidence is to be viewed in a light most favorable to the findings. *White v. Metropolitan Medical Center*, 332 N.W.2d 25 (Minn. 1983).

Relator was disqualified from receiving benefits pursuant to Minn.Stat. § 268.18 (Supp.1983) which sets forth the offenses under the employment services law. The statute provides for disqualification of a claimant "who files a claim for or receives benefits by knowingly and willfully ... failing to disclose any material fact which would make him ineligible for benefits ...." Minn.Stat. § 268.18, subd. 2 (Supp. 1983).

Relator admits to having answered "no" to the question, "Did you work for anyone or work in self-employment ...?" and to failing to report income earned. The department requests claimants to record income as follows: "Total earnings must be entered for each week you worked regardless of whether or not you received payment." He was overpaid $776 and does not contest the order that he repay that amount.

The question before the Commissioner was whether the misreporting of earnings and employment by relator was intentional. This question, involving the credibility of relator's testimony, lies within the province of the Commissioner. Given the clear requirements of the reporting certificate and relator's experience in prior claims for benefits, the Commissioner found the relator's testimony of confusion to be untenable. This court is not free to substitute its judgment for that of the Commissioner. *Cary v. Custom Coach, Inc.*, 349 N.W.2d 331 (Minn.App.1984).

Given the finding of fraud, the imposition of a 15-week disqualification is not unreasonable.

## DECISION

There is reasonable support in the evidence for the Commissioner's finding that relator willfully failed to disclose employment and earnings. The Commissioner reasonably imposed a 15 week disqualification.

Affirmed.