Brian J. BURNEVIK, Relator,

v.

DEPARTMENT OF ECONOMIC SECURITY, Respondent.

No. C5-85-62.

Court of Appeals of Minnesota.

May 21, 1985.

Brian J. Burnevik, pro se.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Relator seeks review of the Commissioner of Economic Security's decision dated December 14, 1984 which concluded relator knowingly and willfully misrepresented or misstated material facts to obtain unemployment compensation benefits and was overpaid $1,181 in benefits. Relator was disqualified from receiving benefits for 23 weeks of subsequent unemployment pursuant to Minn.Stat. § 268.18, subd. 2. We affirm.

## FACTS

Relator Brian J. Burnevik was employed by Price Electric from March 1980 through June 1982. He filed an initial unemployment compensation claim effective July 4, 1982. Relator received a weekly benefit of $184 for six consecutive weeks from the week ending September 11, 1982 through the week ending October 16, 1982 and for one week ending April 2, 1983 for a total benefit of $1,288.

On September 3, 1982, relator was employed by Amagineers, Inc., a construction company owned by his brother. Relator's beginning wage was $10 per hour and rose to $12 per hour on October 17, 1982. In February 1983, relator prepared and submitted ledger sheets to the federal and state departments of labor alleging wages owed him by Amagineers.

Relator also filed Internal Revenue Service form 2106, "Employee Business Expenses," with his 1982 and 1983 federal income tax returns. In 1982, relator claimed a business expense loss of $81 and reported traveling 5,456 miles in his car over a five month period while employed by Amagineers. In 1983, relator claimed a business expense loss of $1,626 and reported traveling 2,904 miles in his car over a two month period while employed by Amagineers.

Relator, however, submitted bi-weekly unemployment claim forms for the periods September 5 through October 16, 1982 and March 20, 1983 through April 2, 1983. In each form, relator responded "no" to the question "Did you work for anyone * * *?"

On June 11, 1984, the Department of Economic Security Investigation Section issued a determination on benefit rights stating relator knowingly and willfully misrepresented and misstated facts to obtain benefits for seven weeks in 1982 and 1983. Relator was determined to have been overpaid $1,181 and disqualified from receiving subsequent benefits for 23 weeks of unemployment. The determination of benefit rights was affirmed by a department referee and subsequently affirmed by the Commissioner of Economic Security.

## ISSUE

Does the record support the commissioner's decision that relator knowingly and willfully misrepresented or misstated material facts to obtain unemployment compensation benefits?

## ANALYSIS

1. Unemployed persons meeting certain statutory requirements are eligible to receive benefits. Minn.Stat. § 268.08, subd. 1 (1984). An individual is:

"unemployed" in any week during which he performs no service and with respect to which no wages are payable to him, or in any week of less than full time work if the wages payable to him with respect to such week are less than his weekly benefit amount.

Minn.Stat. § 268.04, subd. 23 (1984).

Persons who willfully misrepresent their employment status to obtain benefits must return those benefits to the department and may be disqualified from subsequent weeks of unemployment. *See* Minn. Stat. § 268.18, subd. 2 (1984).

2. Whether a claimant knowingly and willfully misrepresented or misstated material facts to obtain benefits involves the credibility of the claimant's testimony which lies within the province of the commissioner. *See Cash v. Commissioner of Economic Security,* 352 N.W.2d 535, 537 (Minn.Ct.App.1984). We have frequently noted this court will not question a determination of credibility made by the commissioner. *E.g., Winkler v. Park Refuse Service, Inc.,* 361 N.W.2d 120, 123 (Minn.Ct. App.1985).

The commissioner concluded relator knowingly and willfully misrepresented or misstated material facts to obtain benefits. This decision was based, in part, on two ledger sheets prepared and submitted by relator to federal and state departments of labor alleging wages owed him by Amagineers. The commissioner determined that the document was:

> clearly an assertion by the claimant that he had worked certain hours during certain weeks for the employer at a certain wage rate, and that the employer had paid him for all of his work.

The commissioner found relator's claim he was simply investigating employment opportunities with the company was untenable and concluded relator's failure to report the work evidenced by the ledger sheets was a fraudulent act.

3. Relator claims the department was barred from reopening the investigation because it closed his benefits claim file. Minn.Stat. § 268.18, subd. 2 provides that a "determination of fraud may be made at any time." *Id.* The statute does not limit the number of times a benefit claim may be investigated for fraud.

4. Relator claims the Department of Economic Security may not find an employment relationship because the federal and state departments of labor denied his claim for wages because the claim was inadequate and insufficiently supported. The commissioner stated that relator cannot have it both ways. We agree. He cannot claim employment in an attempt to recoup wages through the departments of labor yet deny employment for the purpose of claiming unemployment benefits. The ledger sheets where relator attempted to document his employment relationship were properly considered by the commissioner. Wages were payable to relator during the period for which he claimed unemployment benefits, and he intentionally misrepresented this fact to the Department of Economic Security.

## DECISION

The record supports the Commissioner of Economic Security's decision that relator knowingly and willfully misrepresented or misstated material facts to obtain unemployment compensation benefits. Relator was overpaid $1,181 and properly disqualified from receiving benefits for 23 weeks of subsequent unemployment.

Affirmed.