*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1811**

Anita P. Doering,
Relator,

vs.

Department of Employment and Economic Development,
Respondent.

**Filed May 18, 2015
Affirmed
Kirk, Judge**

Department of Employment and Economic Development
File No. 32748777-3

Anita P. Doering, Alexandria, Minnesota (pro se relator)

Lee B. Nelson, Munazza Humayun, Department of Employment and Economic
Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Kirk, Presiding Judge; Ross, Judge; and Reilly, Judge.

## U N P U B L I S H E D   O P I N I O N

**KIRK**, Judge

Relator challenges the determinations of the unemployment-law judge (ULJ), arguing that the ULJ's findings were not supported by substantial evidence and that relator did not fraudulently fail to report her hours and earnings. We affirm.

# FACTS

Relator Anita P. Doering established an unemployment-benefit account with respondent Minnesota Department of Employment and Economic Development (DEED) on May 5, 2013, after being discharged from her employer.

In March 2014, DEED performed an audit of Doering's earnings from June 9, 2013, to January 4, 2014, and found that she had underreported her hours and earnings and had committed fraud. DEED issued a determination of ineligibility and a determination of fraud from which Doering appealed. A ULJ found that Doering had been overpaid $4,530 and assessed a $1,527.20 fraud penalty for Doering's failure to accurately disclose her earnings under Minn. Stat. § 268.18 (2014) and reaffirmed on reconsideration. Doering did not seek certiorari of these decisions.

In July 2014, DEED issued two additional determinations of ineligibility stating that a review of Doering's 2014 reported hours and earnings indicated an overpayment of $2,491 in 2014 unemployment benefits based on her misreporting of income and that Doering's misreporting constituted fraud, which triggered a statutory penalty of $996.40. Doering filed a timely appeal of both the ineligibility determination and the fraud determination.

On August 7, 2014, a ULJ conducted a telephonic evidentiary hearing. Doering's appeals of the July 2014 ineligibility determination and fraud determination were consolidated and reviewed by the ULJ at the evidentiary hearing. At the hearing, Doering appeared pro se and her employers chose not to appear.

Doering testified that after she established her unemployment-benefit account in May 2013, she was hired by Carson Pirie Scott II, Inc. in June 2013 for $9.00 per hour. A payroll

2

supervisor from Carson Pirie Scott submitted a copy of Doering's 2013 and 2014 earnings to DEED. Doering confirmed that her earnings as reported by Carson Pirie Scott's payroll supervisor were correct and that she had not reported the same hours or earnings to DEED in her weekly applications for unemployment benefits. When the ULJ asked Doering to explain the discrepancy, Doering explained that, because Carson Pirie Scott paid her biweekly, she was unclear as to how many hours she worked each week. Doering testified that she "ball-parked" her hours and earnings "based . . . on what [she] had written down on [her] schedule and off [her] memory if [her] schedule was different." Doering admitted that she "never knew exactly how much [she] made." Doering also testified that at the time she reported her hours and earnings to DEED, she believed that they were true and correct.

In 2014, Doering held a second job with employer Clifton Larson Allen, LLP where she earned $12.50 per hour. Doering testified that while she often worked 40 hours a week at Clifton Larson Allen, which meant her weekly earnings were $500, she underreported her income at the beginning of her employment because she was not sure whether she would be working full-time. Doering also testified that she continued to apply for unemployment benefits from January 2014 through May 2014 based on the advice of a DEED employee who told her that she should continue to request payment of unemployment benefits in case the federal government granted a benefit extension. Doering admitted that she did not receive any unemployment benefits in 2014 because her benefit payments were used to repay the 2013 overpayment.

When the ULJ asked Doering why she had failed to correctly report her earnings from Clifton Larson Allen in 2014, Doering initially replied that a computer glitch

3

prevented her from inputting her earnings and that the DEED employee had confirmed to her that her online unemployment-benefit account was "all screwed up." Doering did not provide any written documentation at the evidentiary hearing to support her claims regarding her conversation with the DEED employee or the employee's assessment of her online unemployment-benefit account. When the ULJ pointed out that DEED's records indicated that Doering had in fact incorrectly reported her earnings from Clifton Larson Allen, Doering replied that she had experienced difficulty entering her weekly earnings on her iPhone for March 2014 and had accidentally entered $200 or $300 in weekly earnings when she meant to enter $500.

Doering explained that she tried to fix the errors by overreporting her earnings for select weeks in March and April 2014, and that she believed that she had effectively counterbalanced the earlier underreporting of her weekly earnings. Doering also testified that she corrected the earnings online and in writing before she received notification from DEED in a letter sent to her in May 2014 that her earnings were being audited. But Doering provided no evidence that she corrected her earnings online before May 2014. Doering denied committing fraud when reporting her hours and earnings, but admitted that she did not dispute the accuracy of her earnings as reported by her employers.

The ULJ issued two decisions. The ULJ found that Doering owed $2,642 for overpayment of unemployment benefits in 2014, which reflected an increase from DEED's initial determination of a $2,491 overpayment. The ULJ also found that Doering had committed fraud because she knowingly misrepresented her earnings from January 5, 2014 through April 27, 2014. The ULJ based her decision on Doering's testimony that she

estimated her hours and earnings because she did not remember her hours and that she tried to "balance out" her hours and earnings over time. The ULJ found that "Doering did not have a good faith belief that her earnings, as she reported them, were correct for each week." The ULJ also found that it was irrelevant to her decision that Doering later amended her reported earnings after DEED informed her of the audit because she had incorrectly and without a good-faith belief "failed to properly report her wages to the department at the time she made her weekly requests for benefits."

Doering timely requested reconsideration, arguing that there was no overpayment because she had mailed in a corrected version of her earnings, and that because she had corrected all outstanding errors, she had not committed fraud. On October 10, a different ULJ affirmed the first ULJ's findings of fact and decision. The new ULJ rejected Doering's explanation that she had mistakenly entered her earnings, noting that Doering had also underreported her hours and that Doering's later correction of her earnings did not change the fact that she "did not have a good faith belief in the correctness of her answers at the time she requested benefits." The ULJ noted that the unemployment benefits Doering had requested in 2014 were used to offset the 2013 overpayment. But because Doering should have been ineligible for benefits, the previous overpayment of $4,530 should not have been offset and she must repay the 2014 overpayment.

**DECISION**

**I.     The ULJ's ineligibility determinations are supported by substantial evidence.**

This court may affirm a ULJ's decision or remand the case for further proceedings. Minn. Stat. § 268.105, subd. 7(d) (2014). We may also reverse or modify a ULJ's decision

5

if a relator's substantial rights have been prejudiced because the ULJ's findings, inferences, conclusion, or decision are made upon unlawful procedure, affected by an error of law, not based on substantial evidence in the record, or arbitrary or capricious. *Id.* "We view the ULJ's factual findings in the light most favorable to the decision" under review and give deference to the ULJ's credibility determinations. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006).

The purpose of unemployment insurance is to assist those who are unemployed through no fault of their own. Minn. Stat. § 268.03, subd. 1 (2014). The Minnesota Unemployment Insurance Law "is remedial in nature and must be applied in favor of awarding unemployment benefits," and any provision precluding receipt of benefits "must be narrowly construed." Minn. Stat. § 268.031, subd. 2 (2014). There is no equitable denial or allowance of benefits. Minn. Stat. § 268.069, subd. 3 (2014).

Doering challenges the ULJ's determinations that she was overpaid benefits and that the overpayment occurred because of fraud, arguing that the ULJ's findings were incorrect because they failed to: (1) explain how DEED determined that she received overpayments in 2014; (2) explain why her weekly benefit changed each week; (3) correct her hours and earnings for two weeks in April 2014; and (4) find that she did not request unemployment-benefit payments in March, April, or May 2014.

First, there is substantial evidence in the record to support the ULJ's determination that Doering was overpaid benefits in 2014. DEED conducted an audit of Doering's earnings and wages, which revealed that she failed to accurately report her earnings when she applied for unemployment benefits from January 2014 through May 2014. The record

6

before the ULJ, which included the weekly records of Doering's earnings and hours as reported by her employers, clearly showed that Doering received an overpayment of unemployment-benefit payments. When Doering established her benefit account, DEED mailed her an information handbook explaining that when she requested weekly unemployment-benefit payments, she must report any hours worked and her total earnings, and that "[t]here are no exceptions." But Doering testified that she repeatedly underreported her hours because she was not sure that she would be working full time and a DEED employee told her to do so in order to keep her unemployment account active in case Congress extended unemployment benefits. Doering's underreporting triggered DEED to find her eligible to receive payment of unemployment benefits, which were applied to recoup the 2013 overpayments. Under Minn. Stat. § 268.18, subd. 1(b) (2014), the commissioner may offset the amount of an outstanding payment from future unemployment benefits. Doering also testified at the hearing that she knew that DEED was applying her 2014 unemployment benefits to pay the 2013 overpayment. Doering's later attempt to counterbalance her earnings by overreporting her hours and earnings for some weeks in March and April 2014 did not rectify the fact that she had received unemployment benefits in 2014 when she was in fact ineligible. Second, there is also no evidence in the record that Doering's weekly unemployment benefit changed, contrary to her claims.

Third, Doering argues that the ULJ's findings do not accurately reflect the corrected version of her earnings that she submitted in her request for reconsideration for the weeks of April 20–April 26, and April 27–May 3, 2014. Doering submitted a copy of her paycheck from Clifton Larson Allen for the weeks in question. Doering's paycheck reflected that

from April 16 through April 30, she worked 104 hours and earned $1,327.30, which included 11 hours of overtime pay. From April 20 through May 3, Clifton Larson Allen reported to DEED that Doering worked 62 hours and earned $770. The ULJ found that for each of these weeks, Doering worked 40 hours and earned $500. Here, the ULJ was provided with conflicting information regarding Doering's reported hours and earnings. Under the circumstances, we can see substantial evidence to support the finding that Doering earned $500 each week and worked at least 40 hours a week based on the copy of her submitted paycheck from Clifton Larson Allen. *See Minn. Ctr. for Envtl. Advocacy v. Minn. Pollution Control Agency*, 644 N.W.2d 457, 464 (Minn. 2002) (stating that a decision is supported by substantial evidence when it is supported by "more than a scintilla of evidence").

Fourth, the record substantially supports the ULJ's findings about Doering's reported hours and earnings in March, April, and May. On the weeks that Doering overreported her weekly earnings in an attempt to counterbalance previous underreporting of her earnings, DEED did not pay her unemployment. In all other weeks during these three months, Doering underreported her earnings and hours, and she was found to be eligible for unemployment benefits.

## II. Doering received overpayments of unemployment benefits by fraud.

"Any applicant who receives unemployment benefits by knowingly misrepresenting, misstating, or failing to disclose any material fact, or who makes a false statement or representation without a good faith belief as to the correctness of the statement or representation, has committed fraud." Minn. Stat. § 268.18, subd. 2(a). The statute imposes

8

a mandatory penalty in the amount of 40% of the benefits fraudulently obtained. *Id.* "Whether a claimant knowingly and willfully misrepresented or misstated material facts to obtain benefits involves the credibility of the claimant's testimony . . . ." *Burnevik v. Dep't of Econ. Sec.*, 367 N.W.2d 681, 683 (Minn. App. 1985).

Doering argues that she did not commit fraud because she later corrected all reporting errors in the May 2014 letter to DEED. But the record supports the ULJ's determination that the 2014 overpayment was a result of fraud because she did not have a good-faith belief that her reports of earnings and hours were correct. Doering does not dispute that she initially failed to correctly report her income to DEED, but she argues that she had no intent to defraud the system. However, the statute requires either knowing misrepresentation or making a false statement without a good-faith belief as to its correctness. *See* Minn. Stat. § 268.18, subd. 2(a). The issue here is not that Doering knowingly misreported her earnings in the first place, but whether she had a good-faith belief as to its correctness. Clearly, the ULJ did not believe Doering's explanations as to why she misreported her earnings and hours and found that she did not have a good-faith belief. This court defers to the ULJ's credibility determinations. *See Skarhus*, 721 N.W.2d at 344. Doering asks this court to re-assess the credibility of her testimony on these issues, but that is not the province of this court.

**Affirmed**.