*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1609**

Joy Gerlovich,
Relator,

vs.

Department of Employment and Economic Development,
Respondent.

**Filed June 13, 2016
Affirmed
Smith, Tracy, Judge**

Department of Employment and Economic Development
File No. 33537244-5

Joy Gerlovich, Esko, Minnesota (pro se relator)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Halbrooks, Judge; and Smith, Tracy, Judge.

## U N P U B L I S H E D   O P I N I O N

**SMITH, TRACY**, Judge

Relator Joy Gerlovich challenges an unemployment-law judge's (ULJ) determination that Gerlovich committed fraud when seeking unemployment benefits, arguing that she did not intend to defraud respondent Department of Employment and Economic Development (DEED). Because the ULJ did not err by determining that

Gerlovich lacked a good faith belief that her answers regarding work and earnings were correct, we affirm the fraud determination.

## FACTS

Gerlovich requested and received unemployment benefits in 2014. Each week when requesting benefits, Gerlovich was asked: "Did you work or have a paid holiday during the reporting period listed above?" Each time, Gerlovich answered, "No." DEED later determined that Gerlovich was ineligible for unemployment benefits for several of the weeks for which she received benefits because she answered "no" even though she had worked at least part time.

At issue in this appeal are Gerlovich's unemployment benefits for the weeks of July 27, August 3, and August 10, 2014.[1] DEED determined that Gerlovich had earned $311 the week of July 27, $356.50 the week of August 3, and $858 the week of August 10, and that she therefore had been overpaid $933 in unemployment benefits. DEED also determined that Gerlovich had committed fraud when requesting unemployment benefits for these weeks because she "failed to accurately disclose earnings and/or hours worked." DEED imposed a mandatory fraud penalty of $373.20. *See* Minn. Stat. § 268.18, subd. 2(a) (2014) (stating that DEED "must assess a penalty equal to 40 percent of the amount fraudulently obtained").

---

[1] Gerlovich's brief also discusses issues surrounding other weeks for which she was determined to be ineligible for unemployment benefits. But because an appeal must be filed within 30 days of the ULJ's decision on reconsideration, Minn. Stat. § 268.105, subd. 7(a) (Supp. 2015), Gerlovich timely appealed only the three weeks of earnings discussed here.

2

Gerlovich challenged the fraud determination. At an evidentiary hearing, Gerlovich conceded that she worked during the three weeks in question and that DEED's records regarding her earnings for those weeks were "[a]bout right." She explained that she did not retain her original records and could not confirm her exact earnings.

Gerlovich provided several explanations for her answer to DEED's question about whether she had worked during the weeks in question. First, Gerlovich stated that her answer was "inaccurate" and that she did not remember why she answered "no." Second, she stated that she "probably" believed the question was asking if she had worked less than 32 hours each week. When the ULJ questioned that belief, Gerlovich stated that "this question is very self-explanatory and [she] obviously put the wrong answer." Third, Gerlovich asserted that a DEED representative told her to "continue to file" as she always had and to answer "no." In response to further questioning, Gerlovich clarified that the DEED representative never told her how to answer the specific question or to answer inaccurately. Finally, Gerlovich stated that she did not fully read the question and that she had "no excuse." Gerlovich asserted that she did not answer incorrectly "on purpose."

The ULJ determined that "Gerlovich did not have a good faith belief as to the correctness of her answers when reporting whether she worked for each of the weeks in question." The ULJ therefore determined that "Gerlovich committed fraud and is ineligible for unemployment benefits until she repays the [d]epartment all benefits fraudulently paid to her as well as interest and penalties."

3

Gerlovich timely requested reconsideration. In her request, Gerlovich explained that, due to several incidents in her personal life, she had "a semi nervous breakdown," had trouble concentrating and holding down a job, and made mistakes on the questions. The ULJ determined that Gerlovich failed to show that the evidence submitted at the hearing was likely false and failed to show good cause for failing to provide this other evidence at the hearing. The ULJ therefore affirmed his earlier order.

Gerlovich appeals.

## DECISION

Gerlovich concedes that she was overpaid benefits, but challenges the ULJ's determination that she committed fraud. We may reverse or modify a ULJ's decision if the relator's substantial rights have been prejudiced because the ULJ's findings, inferences, conclusion, or decision are unsupported by the record or affected by an error of law. Minn. Stat. § 268.105, subd. 7(d) (Supp. 2015). We view the ULJ's findings of fact in the light most favorable to the decision and give deference to the ULJ's credibility determinations. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006).

"Any applicant who receives unemployment benefits by knowingly misrepresenting, misstating, or failing to disclose any material fact, or who makes a false statement or representation without a good faith belief as to the correctness of the statement or representation, has committed fraud." Minn. Stat. § 268.18, subd. 2(a). Upon a ULJ's determination that the applicant has committed fraud, the applicant must repay the unemployment benefits and pay "a penalty equal to 40 percent of the amount fraudulently obtained." *Id.* A determination of whether an applicant fraudulently

4

obtained unemployment benefits depends on the credibility of the applicant's testimony. *Burnevik v. Dep't of Econ. Sec.*, 367 N.W.2d 681, 683 (Minn. App. 1985).

When challenging the ULJ's fraud determination, Gerlovich argues that she did not "knowingly" answer DEED's question incorrectly. But fraud can be established if the ULJ determines that an applicant "makes a false statement or representation without a good faith belief as to the correctness of the statement or representation." *See* Minn. Stat. § 268.18, subd. 2(a). The ULJ made such a determination here, explaining that Gerlovich did not have a good faith belief because "Gerlovich knew or should have known the wages she was earning and hours she was working" and "a simple reading of the question would prompt a person to answer 'yes.'" The issue on appeal is whether the ULJ erred by finding that Gerlovich did not have "a good faith belief as to the correctness" of her answers when requesting benefits, not whether Gerlovich "knowingly" answered incorrectly. *See id.*

At the hearing, Gerlovich provided several explanations for her answers, including that (1) she did not remember why she answered "no"; (2) she "probably" believed the question was asking if she had worked less than 32 hours each week; (3) a DEED representative told her to "continue to file" for benefits as she always had; and (4) she had "no excuse" and did not answer incorrectly "on purpose." Gerlovich conceded that the DEED representative did not tell her how to answer the questions or to answer the questions inaccurately. The ULJ did not believe Gerlovich's other explanations, and we defer to the ULJ's credibility determinations. *See Skarhus*, 721 N.W.2d at 344.

In her brief, Gerlovich asserts that she answered DEED's question incorrectly due to stress caused by several tragic episodes in her personal life. Gerlovich provided a similar explanation on reconsideration below, but the ULJ determined that Gerlovich had failed to show good cause for failing to provide this evidence at the evidentiary hearing. Even if Gerlovich had timely provided this explanation to the ULJ, the stress Gerlovich was understandably suffering does not support a finding that Gerlovich had a good faith belief that her answers were correct.

Gerlovich does not dispute that she worked during the three weeks in question. She requested unemployment benefits two days after she worked each week, based on the work records she had at that time. Gerlovich agreed at the hearing that the question is "very self-explanatory" and that she had "no excuse" for answering it incorrectly. The record supports the ULJ's finding that Gerlovich lacked a good faith belief that answering "no" was correct. The ULJ therefore did not err by determining that Gerlovich committed fraud. *See* Minn. Stat. § 268.18, subd. 2(a).

**Affirmed.**